IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Tobian Ponder, )
 )
               Petitioner, ) C.A. No. 1:19-1125-HMH-SVH
 )
               vs. ) **OPINION & ORDER**
 )
United States of America, and Warden )
Bryan Antonnelli, )
 )
             Respondent. )

     This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Tobian Ponder ("Ponder") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Hodges recommends dismissing Ponder's § 2241 petition without prejudice and without requiring the Respondent to file a return because Ponder is unable to satisfy the 28 U.S.C. § 2255 savings clause requirements.

     Ponder filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds many of Ponder's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean one specific objection.  Ponder objects to the magistrate judge's conclusion that he cannot demonstrate that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention under the savings clause test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).  (Objs., generally, ECF No. 12.)  A federal prisoner may challenge the legality of his sentence under § 2241, rather than § 2255, if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence.  See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428.

Specifically, Ponder contends that, although he was convicted and sentenced in a district court within the Eleventh Circuit, the Fourth Circuit's decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019), finding that conspiracy to commit Hobbs Act robbery is not a crime of violence, applies to his conviction and sentence.  Ponder was found guilty after a jury trial of one count of conspiracy to commit Hobbs Act robbery, four counts of Hobbs Act robbery (18 U.S.C. § 1951), four counts of using a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), one count of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)), and one count of possession of a stolen firearm (18 U.S.C. § 922(j)).

Ponder's argument is without merit. The applicable substantive law is the law of the Eleventh Circuit. Eames v. Jones, 793 F. Supp. 2d 747, 749 (E.D.N.C. 2011) (finding that substantive law of circuit where habeas petitioner had been convicted and sentenced, rather than law of circuit where case was filed, applied in determining whether petitioner was entitled to bring § 2241 petition pursuant to "savings clause"); Van Hoorelbeke v. United States, No. 0:08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan. 8, 2010) (citing Chaney v. O'Brien, No. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that in applying the second prong of the In re Jones test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted")). Further, the Eleventh Circuit has held that conspiracy to commit Hobbs Act robbery is a crime of violence. McKnight v. United States, 753 F. App'x 873, 874 (11th Cir. 2019) (finding that conspiracy to commit Hobbs Act robbery is a crime of violence under the residual clause) (per curiam). Based on the foregoing, Ponder's objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Ponder's § 2241 petition, docket number 1, is dismissed without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
May 16, 2019

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.